*1299 OPINION.
MuRdock :
The petitioner has alleged that the Commissioner erred, in adding to income for 1920 the amount of $1,151.26 and for 1921 the amount of $621.31, determined by the latter to be excessive depreciation deducted in the returns for those years. It has offered in evidence the computation of depreciation made by the examining revenue agent, which it was admitted was adopted by the Commissioner in his determination. This computation we have set forth in our findings of fact. It has also offered in evidence its return for 1921 but has neglected to offer the 1920 return and we do not know the amounts upon which it calculated depreciation for 1920, nor the rates it applied to the different items. We are of the opinion, however, that a proper rate of depreciation upon the factory building for each of the two years in question should be 5 per cent, and that this rate should be applied upon the amount of $20,000 which is designated as “ gross value ” in the revenue agent’s report and “ cost ” in the petitioner’s return.
However, we are of the opinion that the Commissioner’s determination as to the allowable depreciation on the machinery and other equipment should not be disturbed. As we have pointed out above, the 1920 return is not before us and we do not know what items are contained therein, nor what were the amounts of depreciation allocated to the various kinds of machinery and equipment. An examination of the petitioner’s return for 1921 shows that the values it has therein assigned to its machinery and equipment do not agree with those contained in the Commissioner’s determination, and we can not find from a comparison of the two what would be a proper basis upon which the rate or rates should be applied. Certain of the articles such as pulleys and hangers, set forth in the Comiflissioner’s computation, are not itemized or identified in the return and the petitioner has offered no testimony as to certain other items contained in the computation. In the opinion of the petitioner’s one witness a depreciation rate of 10 per cent should be applied to all of the items under machinery, equipment, sprinkler system, etc., and he stated that in his opinion the useful life of none of these things would exceed 10 years. However, his testimony discloses that certain of the items such as sprinkler system, heating system and water system were in existence and being used in 1926, the year in which the building was destroyed by fire, more than 10 years after these *1300 systems had been installed. This the witness admitted, but stated that if the systems had not been repaired they would not have lasted 10 years. The fact that parts of these systems had to be replaced or repaired from time to time due to the action of the weather does not warrant us in finding that their life should be reduced to a period of 10 years.
It seems apparent that as to these systems the witness has based his idea of exhaustion on an erroneous understanding of the nature of an allowable deduction of this kind, and it may be that as to the remaining items his opinion has been based upon the same erroneous understanding.
The Commissioner has presumably made an intelligent and careful examination of all these items in his computation of depreciation, and we do not think that in the light of the above facts the petitioner by its testimony as to a blanket rate of 10 per cent has made out a case sufficiently strong to overcome the Commissioner’s determination. Cf. Woodside Cotton Mills Co., 13 B. T. A. 266.
In the absence of competent evidence from the petitioner concerning the second assignment of error, the determination of the Commissioner in this respect must be approved.
We are unable to determine from the pleadings what the Commissioner’s position is in regard to the amount of $1,512.19 received by the petitioner from O. H. Braman, to reimburse it for 1918 income taxes which it paid in 1921. The Commissioner in his deficiency letter in regard to this particular item stated that “ Income Tax has been disallowed as an expense in accordance with Article 561, Regulations 62.” From an examination of the petitioner’s return for 1921 and the revenue agent’s report which was adopted by the Commissioner, we are satisfied that the petitioner has never deducted this amount from income. We, therefore, find that the Commissioner was in error in his determination in this respect.

Judgment will be entered under Bule 50.